3/7/2019 3:35 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 31768702
By: Miaeda Hutchinson
Filed: 3/7/2019 3:35 PM

# 2019-17023 / Court: 080

## CAUSE NO. _____

| | | |
|---|---|---|
| **TRICIA DUNN,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ASI LLOYDS,** | § | |
| | § | |
| *Defendant.* | § | **_____ JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, TRICIA DUNN ("Plaintiff"), and complains of ASI LLOYDS ("ASI" and/or "Defendant"). In support of such claims and causes of action, Plaintiff respectfully shows unto this Honorable Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

1.1     Discovery in this case should be conducted in accordance with a Level 3 tailored discovery control plan pursuant to Texas Rule of Civil Procedure 190.4. Plaintiff affirmatively pleads this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169, as Plaintiff seeks monetary relief over $100,000.

### II. PARTIES

2.1     Plaintiff, TRICIA DUNN, is a resident of Harris County, Texas.

2.2     Defendant, ASI LLOYDS, is a domestic company engaged in the business of insurance in this state. It may be served with process by serving its registered agent, Corporate Creations Network, Incorporated, by certified mail, return receipt requested, at 2425 West Loop South, Suite 200, Houston Texas 77027 -4208, or wherever it may be found. Plaintiff requests

Certified Document Number: 84217865 - Page 1 of 45

citation be issued and E-served to Plaintiff's attorney's office at this time if possible; or mailed back to Plaintiff's attorney's office if not.

### III. JURISDICTION AND VENUE

3.1     This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

3.2     Venue is proper in Harris County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the insured property that is the basis of this lawsuit is located in Harris County, Texas.

### IV. AGENCY AND RESPONDEAT SUPERIOR

4.1     Whenever in this Petition it is alleged that Defendant did any act or thing, it is meant that Defendant or its agents, officers, servants, employees, or representatives did such a thing.  It was also done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or its agents, officers, servants, employees, or representatives.

### V. CONDITIONS PRECEDENT

5.1     All conditions precedent to recovery have been performed, waived, or have occurred.

### VI. FACTS APPLICABLE TO ALL COUNTS

6.1     Plaintiff is the owner of a Texas Homeowner's Policy number TXL555874 issued by ASI (the "Policy").

6.2     Plaintiff owns the insured property, which is specifically located at 12035 Terraza Cove Lane, Houston, Texas 77041 (the "Property").

6.3     ASI, or its agent(s), sold the Policy, insuring and covering the Property against damages from storm-related events, to Plaintiff.

Certified Document Number: 84217865 - Page 2 of 45

6.4     On or about July 7, 2018, Plaintiff experienced a storm(s) that damaged the Property. In its track, the storm(s) left behind widespread damage to the Property, Plaintiff's home.

6.5     The Plaintiff timely submitted a claim to ASI. ASI assigned various adjusters to adjust the claim. However, ASI and its agents were not diligent in investigating Plaintiff's loss. ASI failed to timely and accurately investigate the covered loss. ASI assigned claim number 588308-184402 to Plaintiff's claim.

6.6     Ultimately, ASI, inspected Plaintiff's property after the storm(s). During the inspection, ASI, was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of, and then quantifying the damage done to Plaintiff's home.

6.7     ASI prepared a repair estimate which did not account for all of the covered damages. Further, even the damages that were accounted for were vastly under-scoped. Thus, Defendant ASI demonstrated it did not conduct a thorough investigation of the claim.

6.8     Defendant ASI failed to fairly evaluate and adjust Plaintiff's claim as they are obligated to do under the Policy and Texas law. By failing to properly investigate the claim and wrongfully denying full coverage to Plaintiff, ASI engaged in unfair settlement practices by misrepresenting material facts to Plaintiff.

6.9     Defendant ASI failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant ASI failed and refused to properly pay proceeds for the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant ASI's conduct constitutes a material breach of the insurance contract.

Certified Document Number: 84217865 - Page 3 of 45

6.10   Defendant ASI misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered peril. Defendant's conduct constitutes a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(1).

6.11   Defendant ASI's repair estimate under-scoped the covered damages and misrepresented the benefits under the Policy, which promised to pay the amount of loss to the Plaintiff. Defendant's conduct constitutes a violation of the Misrepresentation Regarding Policy or Insurer section specified in Tex. Ins. Code § 541.051(1)(B).

6.12   Defendant ASI failed to make an attempt to settle Plaintiff's claims in a prompt and fair manner, although they were aware of its liability to Plaintiff was reasonably clear under the Policy. Defendant's conduct constitutes a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(2)(A).

6.13   Defendant ASI failed to explain to Plaintiff why full payment was not being made. Furthermore, Defendant did not communicate that future payments would be forthcoming to pay for the entire losses covered under the Policy, nor did Defendant provide any explanation for the failure to adequately settle Plaintiff's claims, in violation of Tex. Ins. Code § 541.060(a)(3).

6.14   Defendant ASI failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendant's conduct constitutes a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(4).

6.15   Defendant ASI refused to fully compensate Plaintiff under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant ASI

Certified Document Number: 84217865 - Page 4 of 45

performed a results/outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property. Defendant's conduct constitutes a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(7).

6.16    Defendant ASI misrepresented the insurance policy sold to Plaintiff by (1) making an untrue statement of material fact regarding coverage; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact regarding coverage; (4) making a material misstatement of law; and/or (5) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of the Texas Insurance Code, in violation of Section 541.061 of the same.

6.17    Defendant ASI failed to meet its obligation under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline. Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter specified in Tex. Ins. Code § 542.055.

6.18    Defendant ASI failed to accept or deny the Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter specified in Tex. Ins. Code § 542.056.

6.19    Defendant ASI failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for

Certified Document Number: 84217865 - Page 5 of 45

Plaintiff's claim. Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter specified in Tex. Ins. Code § 542.058.

6.20    From the point in time Plaintiff's claim was presented to Defendant ASI, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant ASI has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

6.21    As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing Plaintiff with respect to these causes of action. On or about December 26, 2018, Plaintiff's counsel sent a letter of representation requesting various documents related to the storm(s), including a certified true copy of the complete policy covering the property on the date of loss, with all endorsements.

6.22    On or about January 24, 2019, Plaintiff's counsel sent a Texas Insurance Code 542A Notice and Texas Deceptive Trade Practices Act ("DTPA") Demand letter to the Defendant. The letter gave Defendant a statement of the acts or omissions giving rise to the claim and included the specific amount alleged to be owed by the insurer on the claim for damage to or loss of a covered property, as well as the amount of reasonable and necessary attorney's fees incurred by Plaintiff as of the date of the Notice. The letter also informed Defendants of potential violations under the DTPA and Insurance Code related to its handling and adjusting of Plaintiff's claim and potential claims, including attorney's fees, statutory penalty interest, and additional damages arising from those violations. The Notice and Demand letter provided Defendants with the statutorily mandated sixty days to respond, and an opportunity to resolve the claim without extended litigation costs. Defendant acknowledged the

Certified Document Number: 84217865 - Page 7 of 45

letter, then maintained its previous claims stance and denied the Demand in its entirety in a letter to the Plaintiff's counsel dated February 20, 2019; satisfying the sixty-one day statutory notice requirement, as well as the statutory requirement that Defendants either deny a DTPA and Insurance Code Demand or be allotted a sixty-day time period to attempt to resolve the claim before a Petition is to be filed.

6.23   To date, Defendant ASI has failed to and refused to pay Plaintiff for the proper repair of the property.  Plaintiff's experience is not an isolated case.  The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling this type of claim.  Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VII. COUNTS

7.1   Plaintiff incorporates by reference all facts, statements, and allegations set forth in all previous paragraphs, as if set forth in full in each cause of action that follows.

### 7.2   COUNT 1 – BREACH OF CONTRACT

a.   At the time of the loss, Plaintiff had valid, enforceable insurance contract in place, issued by Defendant (the "Policy").  Plaintiff was the insured of the contract.  Plaintiff fully performed her contractual obligations by making premium payments as required by the insurance contract, and at all times complied fully with all material provisions of the Policy.

b.   According to the Policy that Plaintiff purchased, Defendant ASI had the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the damages.  As

a result of these damages, which result from covered perils under the Policy, the Plaintiff's home has been damaged.

      c.      Defendant ASI's failure to properly investigate and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a material breach of Defendant ASI's contract with Plaintiff.  As a result of this breach of contract, Plaintiff has suffered the damages that are described in this Petition, the producing cause of which is Defendant's actions.

7.3     **COUNT 2 – PROMPT PAYMENT OF CLAIMS; VIOLATION OF TEXAS INSURANCE CODE §542, ET SEQ.**

      a.      Under the Texas Insurance Code, Defendant ASI had a duty to investigate and pay Plaintiff's claim under the Policy in a timely manner.  Defendant ASI violated Chapter 542 of the Texas Insurance Code by not timely: (1) commencing its investigation of the claim; (2) requesting information needed to investigate the claim; (3) communicating with its insured regarding the status of its investigation, including failing to accept or reject Plaintiff's claim in writing within the statutory timeframe; (4) conducting its investigation of the claim; and (5) paying the claim.

      b.      All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this Petition.  Defendant ASI is therefore liable under Chapter 542 for penalty interest at the rate set forth in the statute, and attorney's fees taxed as costs of this suit.

      c.      Additionally, if it is determined Defendant ASI owes Plaintiff any additional money on Plaintiff's claim, then Defendant has automatically violated Chapter 542 in this case.

Certified Document Number: 84217865 - Page 8 of 45

7.4     **COUNT 3 –   UNFAIR INSURANCE PRACTICES; VIOLATION OF TEXAS INSURANCE CODE § 541, ET SEQ.**

a.      As an insurer, Defendant ASI owes statutory duties to Plaintiff as its insured. Specifically, the Texas Insurance Code prohibits Defendant ASI from engaging in any unfair or deceptive act or practice in the business of insurance.

b.      By its acts, omissions, failures, and conduct, Defendant ASI has engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this Petition, plus Defendant's unreasonable delays and under-scoping in the investigation, adjustment, and resolution of the Plaintiff's claim, plus Defendant's failure to pay for the proper repair of the Plaintiff's home on which liability had become reasonably clear. They further include Defendant's failure to give Plaintiff the benefit of the doubt. Specifically, Defendant ASI are guilty of the following unfair insurance practices:

i.      Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

ii.     Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of claim submitted in which liability had become reasonably clear;

iii.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement;

iv.     Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

Certified Document Number: 84217865 - Page 9 of 45

Certified Document Number: 84217865 - Page 10 of 45

        v.      Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

        vi.     Misrepresenting the insurance policy sold to Plaintiff by (1) making an untrue statement of material fact regarding coverage; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact regarding coverage; (4) making a material misstatement of law; and/or (5) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of the Texas Insurance Code.

        c.      Defendant ASI has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiff's damages that are described in this Petition.

        d.      All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this Petition, and were done knowingly and/or intentionally as that term is used in the Texas Insurance Code.

### 7.5    COUNT 4 – DTPA; VIOLATIONS OF TEXAS BUSINESS AND COMMERCE CODE § 17.46, ET SEQ.

        a.      Plaintiff is an individual who sought and acquired a good, the Policy that is the subject of the suit, by purchase, from the Defendant. Plaintiff also sought and acquired the service and adjustment of claims under that policy, a service that was "furnished in connection with the sale or repair of goods", as defined by the DTPA. This qualifies Plaintiff as a consumer of goods and services provided by Defendant as defined by the Texas Deceptive Trade Practices Act ("DTPA"), codified under Chapter 17 of the

Texas Business and Commerce Code.  The Plaintiff has met all conditions precedent to bringing this cause of action against Defendants.  Specifically, Defendant's violations of the DTPA include without limitation, the following matters.

b.      By its acts, omissions, failures, and conduct that are described in this Petition, Defendant ASI has committed false, misleading, or deceptive acts or practices in violation of § 17.46(b)(2), (3), (5), (7), (11), (12), (13), (20), and (24) of the DTPA.  In this respect, Defendant's violations include without limitation:

i.      Unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, during which Defendant employed a series of alleged "independent adjusters" under the control of Defendant, that caused confusion to Plaintiff as to whom was representing whom, and had whose best interests in mind.  This gives Plaintiff the right to recover under Section 17.46(b)(2) and (3) of the DTPA;

ii.      As described in this Petition, Defendant represented to Plaintiff that the insurance policy and Defendant's adjusting and investigative services had characteristics, uses, or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA;

iii.      As described in this Petition, Defendant represented to Plaintiff that the insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA;

iv.      As described in this Petition, Defendant represented to Plaintiff that the insurance policy and Defendant's adjusting and investigative services

Certified Document Number: 84217865 - Page 11 of 45

conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46(b)(12) of the DTPA;

v.     Defendant knowingly made false or misleading statements of fact concerning the need for replacement of roofing systems, which gives Plaintiff the right to recover under Section 17.46(b)(13) of the DTPA;

vi.    Defendant breached an express and / or implied warranty that the damage caused by the subject storm(s) would be covered under the insurance policies.  This entitles the Plaintiff to recover under Sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA;

vii.   Defendant failed to disclose information concerning the insurance policy which was known at the time of the transaction where the failure to disclose such information was intended to induce the Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed.  This gives Plaintiff the right to recover under Section 17.46(b)(24) of the DTPA;

viii.  Defendant's actions,  as  described  in  this  Petition,  are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.  Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

ix.    Defendant's conduct, acts, omissions, and failures as described in this Petition, are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA, under which violations of Chapter 541 of the Texas Insurance Code are an enabling statute.

Certified Document Number: 84217865 - Page 12 of 45

c.    All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this Petition.   All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally, as those terms are used and defined in the Texas Deceptive Trade Practices Act.

7.6    **COUNT 5 – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

a.    By its acts, omissions, failures, and conduct, Defendant has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.   Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire claim, and by failing to settle Plaintiff's entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiff's damages.

7.7    **COUNT 6 – MISREPRESENTATION**

a.    Defendant ASI is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Defendant ASI did not inform Plaintiff of certain exclusions in the policy.  Misrepresentations were made by Defendant ASI or its agents, with the intention that they should be relied upon and acted upon by Plaintiff, who relied on the misrepresentations to Plaintiff's detriment.   As a result, Plaintiff has suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees.  Defendant ASI is liable for these actual consequential and penalty-based damages.

Certified Document Number: 84217865 - Page 13 of 45

## VIII.  WAIVER AND ESTOPPEL

8.1      Defendant is waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to the Plaintiff.

## IX.  DAMAGES / CLAIMS FOR RELIEF

9.1      All the damages described and sought in this Petition are within the jurisdictional limits of the Court and exceed an aggregate amount of monetary relief over $100,000 but not more than $200,000.

9.2      The above described acts, omissions, failures, and conduct of Defendants caused Plaintiff's damages, which include, without limitation, (1) the cost to properly repair Plaintiff's home, (2) any investigative and engineering fees incurred by Plaintiff, (3) court costs, and (4) attorney's fees.  Plaintiff is entitled to recover consequential damages from Defendants' breach of contract.  Plaintiff is also entitled to recover the amount of Plaintiff's claim plus interest on the amount of the claim, under Chapter 542 of the Texas Insurance Code, as damages each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under Section 304.003 of the Texas Finance Code, accruing beginning on the date the claim was required to be paid.  This interest is in addition to prejudgment interest.

9.3      Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA, which allows recovery of up to three times economic damages.  Where there is an enabling statute for the DTPA, as there is here with the Texas Insurance Code, Plaintiff is entitled to recovery of up to three times actual damages.

Certified Document Number: 84217865 - Page 14 of 45

Plaintiff is further entitled to the additional damages that are authorized by Chapter 541 of the Texas Insurance Code.

9.4      Defendant's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, as defined in Chapter 41 of the Texas Civil Practice and Remedies Code.  These violations by Defendant are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.   Therefore, Plaintiff seeks the recovery of exemplary damages in the amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

### X.  ATTORNEY'S FEES

10.1     As a result of Defendant's conduct that is described in this Petition, Plaintiff has been forced to retain the undersigned law firm and attorney to prosecute this action, and has agreed to pay reasonable attorney's fees.  Plaintiff is entitled to recover these attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code, Chapters 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

### XI.  DISCOVERY

11.1     Under the Texas Rule of Civil Procedure 194, the Defendant is requested to disclose within fifty (50) days of service of this request, the information of material described in Texas Rule of Civil Procedure 194.2(a) through (l).  Plaintiff's Requests for Disclosure, Requests for Production, Interrogatories, and Requests for Admissions are attached, for service at the time of service of this Petition, and incorporated herein by reference.

### XII.  JURY DEMAND

12.1     Plaintiff demands a jury trial and tenders the appropriate fee with this Petition.

Certified Document Number: 84217865 - Page 15 of 45

## XIII.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff TRICIA DUNN prays that Defendant ASI LLOYDS  be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to economic damages, actual damages, consequential damages, statutory penalty interest, treble damages under the Texas Deceptive Trade Practices Act and Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest, at the highest rate allowed by law, and for any other and further relief, at law or in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

**THE CORONA LAW FIRM, PLLC**

By: /s/ *Jesse S. Corona*

Jesse S. Corona
Texas Bar No. 24082184
Southern District Bar No. 2239270
12807 Haynes Road, Bldg E
Houston, Texas 77066
Office:  281.882.3531
Facsimile:  713.678.0613
Jesse@theCoronaLawfirm.com

**ATTORNEY FOR PLAINTIFF**

Certified Document Number: 84217865 - Page 16 of 45

## PLAINTIFF'S REQUESTS FOR DISCLOSURE
## TO DEFENDANT, ASI LLOYDS

TO:    ASI LLOYDS, Defendant

      Pursuant to Rule 194, you are requested to disclose, within fifty (50) days of service of this request, the information requested below.

          Respectfully submitted,

          **THE CORONA LAW FIRM, PLLC**

          By: _/s/ Jesse S. Corona_

          Jesse S. Corona
          Texas Bar No. 24082184
          Southern District Bar No. 2239270
          12807 Haynes Road, Bldg E
          Houston, Texas 77066
          Office: 281.882.3531
          Facsimile: 713.678.0613
          Jesse@theCoronaLawfirm.com

          **ATTORNEY FOR PLAINTIFF**

## REQUESTS FOR DISCLOSURE TO DEFENDANT

**REQUEST FOR DISCLOSURE 194.2(a):** The correct names of the parties to the lawsuit.
**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(b):** Name, address, and telephone number of any potential parties.
**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(c):** The legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial).
**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(d):** The amount and any method of calculating economic damages.
**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(e):** The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

Certified Document Number: 84217865 - Page 17 of 45

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(f):** For any testifying expert:
  (a) the expert's name, address, and telephone number;
  (b) the subject matter on which the expert will testify;
  (c) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;
  (d) if the expert is retained by, employed by, or otherwise subject to the control of the responding party:
      (i) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and
      (ii) the expert's current resume and bibliography.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(g):** Any indemnity and insuring agreements described in Rule 192.3(f).
**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(h):** Any settlement agreements described in Rule 192.3(g).
**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(i):** Any witness statements described in rule 192.3(h).
**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(j):** In a suit alleging physical or mental injury and damages from occurrence that is the subject of case, all medical records and bills that are reasonably related to the injuries or damages asserted or in lieu thereof, an authorization permitting the disclosure of such medical records and bills.
**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(k):** In a suit alleging physical or mental injury and damages from occurrence that is the subject of case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.
**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(l):** The name, address and telephone number of any person who may be designated as a responsible third party.
**RESPONSE:**

Certified Document Number: 84217865 - Page 18 of 45

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT, ASI LLOYDS

TO:     ASI LLOYDS, Defendant

COMES NOW, TRICIA DUNN, Plaintiff in the above styled and numbered cause, and requires that ASI LLOYDS, Defendant, answer the following Requests for Production pursuant to Rule 196.3 of the Texas Rules of Civil Procedure, and Plaintiff requires that answers to same and copies of the original documents be served upon THE CORONA LAW FIRM, PLLC. Pursuant to Rule 196.3, the documents must be produced as they are kept in the usual course of business, or organized and labeled to correspond to the requests for production. Pursuant to Rule 196.2, a Response to these Requests shall be served within fifty (50) days after receipt of the Requests.

Respectfully submitted,

**THE CORONA LAW FIRM, PLLC**

By: /s/ *Jesse S. Corona*

Jesse S. Corona
Texas Bar No. 24082184
Southern District Bar No. 2239270
12807 Haynes Road, Bldg E
Houston, Texas 77066
Office: 281.882.3531
Facsimile: 713.678.0613
Jesse@theCoronaLawfirm.com

**ATTORNEY FOR PLAINTIFF**

## INSTRUCTIONS AND DEFINITIONS

1.      Pursuant to the provisions of TEX. R. CIV. P. 196, you are hereby requested to produce the below designated documents.

The following terms shall have the meaning indicated below:

a.  "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, or any other kind of entity or its agents, servants and employees.
b.  "Document" means any printed, typewritten, mechanically or otherwise recorded matter of whatever character including but not without limitation, letters, purchase orders, memoranda, telegrams, notes, catalogues, brochures, diaries, reports, calendars, inter- and intra-office communications, statement, investigative reports, announcements, depositions, answers to interrogatories, pleadings, judgments, newspaper articles, photographs, tape recordings, motion pictures and any carbon or

Certified Document Number: 84217865 - Page 19 of 45

photographic copies of any such material if you do not have custody or control of the original; and anything else in writing.  If any document requested to be identified was, but is no longer in your possession or control or is no longer in existence, state whether it is (1) missing or lost; (2) destroyed; (3) transferred voluntarily or involuntarily to others, and if so, to whom, or (4) otherwise disposed of, and in each instance explain the circumstances surrounding an authorization of such disposition thereof, state the approximate date thereof and describe its contents.

c.   "You" and "Your" shall mean the party to whom these questions are directed as well as agents, employees, attorneys, investigators and all other persons acting for said party.

d.   "Misconduct" is defined as an activity, act, or omission to act which result in a breach of warranty, express of implied, violation of any statute, regulation, or industry standard, whether relating to safety or otherwise, or a breach of any duty of any care.

e.   "Plaintiff" is defined as the party who is propounding these Interrogatories to you and any of its agents, servants or employees.

f.   "Occurrence," "collision," "incident" and/or "wreck" and/or the phrase "collision made the basis of this suit" shall mean the accident, event or happening as set forth in the Plaintiff's petition complaint that has given rise to this lawsuit.

g.   When asked to "describe" a document, state the title, subject matter, author, date, addressee, file designation and other identifying designation and the present locations and custodian of the document.

h.   The term "statement" includes any written statements signed or otherwise adopted or approved by the person making it, and any stenographic, mechanical, electrical, magnetic, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded, or statements as are defined in Texas Rule of Civil Procedure 192.3(h).

i.   "Mobile device" means cellular telephone, smartphone, satellite telephone, pager, personal digital assistant ("PDA"), iPad, Google Tablet or any such similar device.

j.   As used herein, the term "information" should be construed in the broad sense. It includes reference to both facts and applicable principles. This word should not be construed to be limited by any method of acquisition or compilation and, therefore, includes oral information as well as documents.

k.   As used herein, the terms "identify" and/or "identity" mean to provide the following: (1) With regard to natural persons, state the name, last known telephone number and last known address of the person; the name, address and telephone number of the employer of such person; if "you" have a business relationship, direct or indirect with such person, or   his employer, state the nature of such business relationship; (2) With respect to any entity, which is not a natural person, state the name, telephone number and last known address of such entity; state the nature of such entity; and if "You" have any business relationship with such entity, either direct or indirect, state the nature of such relationship.

l.   The term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings, among two or more persons.

m.  The term "or" and the term "and" means the term both "or" and "and" in both conjunctive and disjunctive.

Certified Document Number: 84217865 - Page 20 of 45

n. The term of any singular form of a term shall include the plural, and the use of a plural form of a term shall include the singular.

## PRIVILEGED OR PROPRIETARY DOCUMENTS

2.      If any document requested is withheld on the basis of any claim of privilege, you are hereby requested to produce a privilege log in compliance with the Texas Rules of Civil Procedure within 15 days of service of your responses containing the below information:

a. Identifying the person or persons who prepared or authored the document and, if applicable, the person or persons to whom the document was sent or shown;
b. Specifying the date on which the document was prepared or transmitted;
c. Identifying the subject matter of the document;
d. Describing the nature of the document (e.g., letter, telegram, etc.);
e. Stating the number of pages, attachments, and appendices;
f. Stating the identity of each person who had access to, custody of, and who received a copy of the document;
g. Identifying the present custodian;
h. Stating the reason why the document was not produced;
i. Stating briefly why the document is claimed to be privileged or to constitute work product; and
j. Identifying the paragraph of this request to which the document relates.

3.      If any document relates in any way to a meeting or to any conversation, all participants in the meeting or conversation are to be identified.

## ELECTRONICALLY STORED INFORMATION

4.      For electronically stored information, please produce, no later than the date of the commencement of the document production, a discovery log that details the type of information, the source of information, the discovery request to which the information corresponds, and the information's electronic ID number. Write all the electronically stored information to a reasonably usable storage media, such as a CD, DVD, or Flash Drive.

5.      For electronically stored information, identify every source containing potentially responsive information that You are not searching or producing.

## LOST OR DESTROYED DOCUMENTS

6.      If any document requested has been lost, discarded, or destroyed, you are requested to submit a written statement no later than the date of the commencement of the document production, identifying as completely as possible each such document so lost, discarded or destroyed. Identification of each such document shall include the date of disposal, manner of disposal, reason for disposal, persons authorizing the disposal, persons having knowledge of the disposal and persons disposing of the company.

## PRESERVATION OF EVIDENCE

Certified Document Number: 84217865 - Page 21 of 45

7.    IT IS REQUESTED THAT ALL DOCUMENTS AND/OR OTHER DATA COMPILATIONS WHICH MIGHT IMPACT ON THE SUBJECT MATTER OF THIS LITIGATION BE PRESERVED AND THAT ANY ONGOING PROCESS OF DOCUMENT DESTRUCTION INVOLVING SUCH DOCUMENTS CEASE.

## DUTY TO SUPPLEMENT RESPONSES

8.    Please be further advised that pursuant to Rule 193.5 of the Texas Rules of Civil Procedure, you have a duty to supplement your answers to these Requests for Production reasonably promptly after you discover the necessity of supplementation.  Such supplemental responses are to be filed and served upon this party immediately upon receipt of such information.  Pursuant to Rule 193.6 of the Texas Rules of Civil Procedure, should you fail to properly supplement your answers, the Court may forbid you from introducing into evidence the material or information that was not timely disclosed, or from offering testimony of a witness who was not timely identified. If individuals with knowledge of relevant facts come to your attention after serving answers to these Requests for Production, or if any such individuals, employees, or agents of the Defendant change employment or move before trial, Plaintiff requests that to be timely informed of such developments.

## FIRST REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**   The insurance policy in effect on the date of Plaintiff's claims(s) making the basis of this suit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**   The entire claims investigation files generated and maintained by Defendant in the ordinary course of business pertaining to Plaintiff's claim(s) making the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**   All training and educational materials which instruct claims adjusters or claims handlers in handling claims for coverage for property damage, hurricane damage, hail, water damage, roof and/or wind damage under Defendant's homeowners' insurance policies in Texas.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**   All training and educational materials which instruct claims adjusters or claims handlers in handling claims for coverage for property damage, hurricane damage, hail, water damage, roof and/or wind damage under Defendant's homeowners' insurance policies in Texas.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**   All procedure or policy manuals or guides meant to guide and assist Defendant's claims adjusters or claims handlers in handling claims for property damage, including the criteria for and the process for evaluating whether coverage exists under Defendant's homeowners' insurance policies in Texas.  This request is limited to the last five (5) years.
**RESPONSE:**

Certified Document Number: 84217865 - Page 22 of 45

**REQUEST FOR PRODUCTION NO. 6:**  All procedure or policy manuals or guides meant to guide and assist Defendant's claims adjusters or claims handlers in handling claims for property damage, hurricane damage, hail, water damage, roof damages, and/or wind damage to the house, including the criteria, for and the process for, evaluating whether coverage exists under Defendant's homeowners insurance policies in Texas.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**  All communications and documents including electronic between Defendant and Plaintiff regarding Plaintiff's claim(s).
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**  All communications and documents, including electronic, between Defendant and any third party regarding Plaintiff's claim(s).
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**  All communications and documents, including electronic, between Defendant and any other Defendant(s) regarding Plaintiff's claim(s).
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**  All communications and documents, including electronic, between Defendant's business departments, including all persons part of the Defendant company, regarding Plaintiff's claim(s).
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**  All communications and documents Defendant sent to any other Defendant(s) in this cause of action regarding Plaintiff or the property, after Plaintiff's claim(s) for coverage.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**  All photographs, diagrams, drawings, or other graphic depictions of Plaintiff or the Property made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**  Any and all documents, reports, data, emails, notes, photos, videos, manuals, guides, and summaries regarding the insurance claim(s) made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**  All reports and other documents from governmental agencies or offices regarding Plaintiff's Property or containing officially kept information regarding Plaintiff's property.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**  Any and all claim(s) files and claim reports, including but not limited to notes, emails, data, photos, videos, manuals, guides, summaries and claim documents, regarding all homeowner insurance claims made by Plaintiff under Plaintiff's

homeowner insurance policy/policies with Defendant, specifically regarding damage to the exterior and interior of Plaintiff's Property.  This request is limited to the last ten (10) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**  Any and all records and/or documents explaining criteria utilized to qualify vendors for the "approved vendors list."
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**  Any and all records and/or documents maintained by person(s) responsible for maintaining and updating the "approved vendors list."
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**  Any and all records and/or documents maintained by person(s) responsible for creating the criteria utilized to qualify vendors, including contractors and roofing companies, for the "approved vendors list."
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**  All documents, including reports, estimates, data, emails, testing, sampling, videos, and photographs received by Defendant regarding inspections of Plaintiff's Property made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**  Any and all records Defendant received, including those obtained by way of deposition by written questions, regarding Plaintiff's Property made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**  Any and all records or documents Defendant has reviewed and/or obtained regarding Plaintiff's Property made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**  Any and all claim files Defendant has reviewed and/or obtained regarding Plaintiff's Property made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**  Any and all claim files Defendant has reviewed and/or obtained regarding Plaintiff's Property made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**  All bulletins or other communications received from the Texas Department of Insurance, the Texas Insurance Commissioner, or their agents, regarding practices in the handling of claims for property damage under Defendant's homeowner insurance policies in Texas.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**  All bulletins or other communications received from the Texas Department of Insurance, the Texas Insurance Commissioner, or their agents, regarding practices in the handling of claims for property damage, hurricane damage, hail, water

damage, hail damage, roof damages, and/or wind damage under homeowner insurance policies in Texas. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:** All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to unfair claims settlement practices, unfair claims handling practices, standards to be met in adjusting or handling Defendant's first party insurance claims, or avoiding charges of bad faith. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:** All materials meant to instruct and guide Defendant's claims adjuster under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code § 541.06 and/or Article 21.21. This request is specifically limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:** All materials meant to instruct and guide Defendant's claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code § 542.055 et seq. and/or Article 21.55. This request is specifically limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:** Any and all materials, documents, statements and/or files that demonstrate Defendant's net worth and Defendant's net income. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:** Any and all materials, documents, statements and/or files that reflect complaints and/or lawsuits filed by insured against Defendant regarding the handing, review and/or adjusting of homeowner insurance claims in Texas. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:** A copy of each advertisement Defendant has used, published and/or distributed, through any means, in Texas. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:** Any and all materials, handouts, manuals, outlines, articles and/or documents used or relied upon by Defendant to conduct any seminars and/or continuing education classes for Defendant's employees and/or independent adjusters, regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, and property damage claims, hurricane claims, water damage claims, roof damage claims, and/or wind damage claims in Texas. This request is limited to the last five (5) years.
**RESPONSE:**

Certified Document Number: 84217865 - Page 25 of 45

**REQUEST FOR PRODUCTION NO. 33:**  Any and all materials, handouts, manuals, outlines, articles and/or documents issued by Defendant to claims representatives and/or adjusters, or received by claims representatives and/or adjusters, or relied upon by claims representatives and/or adjusters, pertaining to the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, property damage claims, hurricane claims, water damage claims, roof damage claims, and/or wind damage claims in Texas.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:**  Any and all reference materials, handouts, manuals, outlines, articles, and/or documents distributed and/or disbursed to Defendant's employer, employees, agents, and/or representatives in connection with attendance at seminars and/or continuing education classes regarding the adjusting and/or handling of homeowner insurance claims., commercial insurance claims, and property damage, hurricane claims, hail, water damage, roof damage claims and/or wind damage claims in Texas, within the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:**  Any and all materials reflecting Defendant's attendance policies for adjusters and claims representatives at seminars and/or continuing education classes regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, property damage claims, hurricane claims, water damage claims, roof damage claims, and/or wind damage claims in Texas.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:**  Any and all materials, documents, files, and/or reports sent to Defendant by its employer, employees, agents, and/or representatives on a monthly, weekly, or daily basis regarding Plaintiff's claim(s).  Include any and all field notes and summaries of the room-by-room scope of Plaintiff's Property made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:**  Any and all materials, documents, files, and/or reports containing list(s) of contractors and/or roofing companies that have been approved and/or recommended for performance of services for Defendant in Texas, specifically related to homeowner insurance claims.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:**  Any and all computer programs, electronic data, documents, and/or manuals used by the adjusters and claims representatives to perform property damage estimates relating to homeowner insurance claims in Texas, including a complete copy of the computer program used to adjust Plaintiff's claim(s).  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:**  Any and all reference materials, handouts, manuals, outlines, articles, and/or documents that have been distributed by and/or disbursed to Defendant regarding the price estimates of contractors and changes of those estimates within

Certified Document Number: 84217865 - Page 26 of 45

different geographical areas of the State of Texas.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:**  Any and all materials, documents, files and/or reports of contractors and roofing companies that have been approved and/or recommended for performance of services for Defendant in Texas.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:**  Any and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate Plaintiff's claim(s) made the basis of this lawsuit, prepared on behalf of the Defendant.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:**  Any and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate claims similar in nature to Plaintiff's claim(s) asserted in this lawsuit, prepared on behalf of Defendant.  This request is limited to the State of Texas.  This request is specifically limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:**  A complete copy of the entire personnel file(s) of any and all adjusters assigned to Plaintiff's claim(s) made the basis of this lawsuit.  This request is specifically limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:**  The most recent address maintained on file for any and all adjusters assigned to Plaintiff's claim(s) made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:**  Any and all documents and/or claim files for persons or entities that have filed property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage claims that have been adjusted by any adjusters and/or adjusting companies on behalf of Defendant.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:**  Any and all activity logs relating to Plaintiff's claim(s) for property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage to Plaintiff's property, and specifically, the claim(s) made the basis of this suit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:**  Any and all documents reflecting company guidelines, procedures, or policies that serve as criteria for evaluating whether claims are covered or excluded by any policy provisions Defendant contends applied to Plaintiff's claim(s).
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:**  Any and all organizational charts for Defendant.

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Certified Document Number: 84217865 - Page 27 of 45

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:**  Any and all organizational charts or diagrams for each department, unit, or section of Defendant to which Plaintiff's claim(s) was assigned.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 50:**  Any and all charts or diagrams reflecting the chain of command or supervisory hierarchy relating to each person involved in handling Plaintiff's claim(s).
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 51:**  Any and all claim(s) and underwriting files for each claim(s) involving property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage made against Defendant, investigated by any and all adjusters assigned to Plaintiff's claim(s) made the basis of this lawsuit in Texas.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 52:**  Any and all demand letters received by Defendant after the handling of a claim involving property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage that was adjusted by any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 53:**  Any and all documents reflecting or relating to Defendant's decision to pay or deny additional expenses to or on behalf of Plaintiff in this case.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 54:**  Any and all records reflecting payment to Plaintiff's claim(s) made the basis of this suit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 55:**  Any and all documents, including correspondence and checks, exchanged between Defendant and any and all vendors concerning Plaintiff's claim(s).
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 56:**  Any and all documents relating to or reflecting any and all adjusters assigned to Plaintiff's claim(s) made the basis of this Lawsuit, from the time of hiring through the present.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 57:**  Any and all documents relating to the assignment of Plaintiff's claim(s) to any and all adjusters assigned to Plaintiff's claim(s) made the basis of this lawsuit, from the time of hiring through the present.
**RESPONSE:**

Certified Document Number: 84217865 - Page 28 of 45

**REQUEST FOR PRODUCTION NO. 58:**   Any and all documents relating to or reflecting referrals of vendors to Plaintiff or any insured.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 59:**   If you are withholding documents based upon the assertion of a privilege, please produce a privilege log, detailing with reasonable particularity a description of the documents withheld, the number of documents, and the applicable privilege which Defendant claims properly precludes the information discovery.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 60:**   Any and all advanced or specialized certifications of personnel who inspected, investigated, and/or supervised the adjusting of the claim(s) pertaining to the Property made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 61:**   Any and all documents, including contracts, rules, guidelines and/or instructions exchanged between Defendant, Plaintiff and any and all adjusters assigned to Plaintiff's claim(s) made the basis of this Lawsuit, from the time of hiring through the present, and any other entities with whom Defendant worked or communicated regarding the Property made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 62:**   All physical or tangible items and/or potentially usable evidence obtained by, or on behalf of, Defendant from the scene of the occurrence made the basis of this suit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 63:**   Any and all indemnity agreements between Defendant and any other person, firm, or corporation against which a claim of indemnification might be brought because of the facts in this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 64:**   Any and all complaint policies and procedures regarding the handling by Defendant of complaints made by insured homeowners.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 65:**   Copies of all job descriptions of employees that adjusted or in any way supervised the handling of Plaintiff's claim(s).
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 66:**   All non-privileged e-mails regarding the investigation, adjusting, and/or handling of the claim(s) made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 67:**   All e-mails between Defendant's adjusters, agents, supervisors, officers, and/or executives regarding changes in the educational programs relating to

Certified Document Number: 84217865 - Page 29 of 45

the handling of property damage, hurricane damage, hail, water damage, and/or roof damage claims.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 68:**  All computer files, databases, electronically-stored information or computer-stored information regarding the property damage, hurricane damage, water damage and/or roof damage that have been compiled, prepared, and/or supervised by Defendant, whether or not they are in Defendant's possession or in the possession of another entity.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 69:**  True and complete copies of all billing records from any and all independent adjusters regarding the claim(s) made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 70:**  True and complete copy of activity logs filed by the staff and independent adjusters on the file pertaining to the claims(s) made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 71:**  Any and all reports, documents, or correspondence containing the names and locations of all adjusters who have worked on this file to the present.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 72:**  True and complete copies of all billings on the file from the independent adjusters, including the time sheets or documentation used to justify the billings.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 73:**  Any and all reports, documents or correspondence reflecting the reserving and payment history of indemnity, expenses, and vendors on this file including but not limited dates, changes and requested made by the adjusters.  This request is limited to last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 74:**  Any and all lawsuit involving vendors, staff or management involved with property claims, property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage claims from 2000 to present.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 75:**  Any and all correspondence and lawsuits concerning the issues of honesty, conflict of interest, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior of any person associated with the handling of Defendant's claim files, management of property damage, hail, water damage, roof damage and/or wind damage claims, including staff and vendors.
**RESPONSE:**

Certified Document Number: 84217865 - Page 30 of 45

**REQUEST FOR PRODUCTION NO. 76:** Any and all answers made in previous discovery requests for lists or databases of property damage, hurricane damage, hail damage, water damage, roof damage and/or wind damage.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 77:** Any and all answers and affidavits made by Defendant and its counsel in previous discovery requests for training procedures, and training manuals for property damage, hurricane damage, hail damage, water damage, roof damage, and/or wind damage claims.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 78:** Any and all reports, documents or correspondence reflecting the history of payment and reserves on this file.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 79:** Any and all reports, documents or correspondence containing names of designated individuals who gave testimony as Person Most Knowledgeable for claims, property damage, hurricane damage, catastrophe, hail damage, water damage, roof damage, and/or wind damage claims for 2000 through the present, along with a list of the lawsuits where testimony was given.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 80:** Any and all training manuals used by vendors to train their adjusters on property damage, hurricane damage, hail damage, water damage, roof damage, and/or wind damage for Defendant. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 81:** Any and all correspondence from Defendant to and from vendors regarding any instructions, procedures, changes, training, payments, and billing for property damage, hurricane, flood, wind, hail and catastrophe claims for 2000 through the present, including but not limited to computer disks, e-mails, paperwork, and manuals.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 82:** Any and all correspondence concerning issues with billing and claims handling with Defendant's vendors, and/or independent adjusting companies. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 83:** Any and all demand letters, lawsuits and/or subrogation claims filed against any of Defendant's vendors, or by any vendors against Defendant. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 84:** Any and all reports, documents or correspondence containing lists of attendees, dates, and locations of all meetings conducted by Defendant for all independent adjusters and Defendant's staff for property damage claims, hurricane damage claims, flood damage claims, wind damage claims, hail damage claims, water damage claims, and/or roof damage claims training. This request is limited to the last five (5) years.

Certified Document Number: 84217865 - Page 31 of 45

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 85:**  Any and all reports, documents or correspondence containing lists of files with written complaints or DOI complaints on property damage, hurricane damage, wind damage, hail damage, water damage, and/or roof damage claims previously gather and produced in earlier complaints or lawsuits.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 86:**  Any and all reports, documents or correspondence containing lists of all lawsuits or disputes filed against Defendant or its entities or affiliates nationwide containing an element of property damage, hurricane damage, hail damage, water damage, roof damage, and/or wind damage for 2000 through present.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 87:**  Copies of the front and back of each negotiated check made payable to solely or co-payable to Plaintiff under Plaintiff's insurance policy in effect during the time of the insurance claim(s) made the basis of this lawsuit, and which was issued by Defendant.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 88:**  Copies of the front and back of each negotiated check made payable solely or co-payable to Plaintiff regarding the insurance claim made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 89:**  Studies commissioned by Defendant, including any done by a law firm to analyze its claim management strategies, and/or to help it improve corporate profits.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 90:**  Affidavits or depositions of the employee(s) who handled Plaintiff's claim(s), or their supervisors, in all other cases involving the same or similar allegations in this case.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 91:**  The entire underwriter's file for underwriting the insurance policy made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 92:**  All notes, reports, documents, or applications created and/or generated by Defendant's underwriting department relating to the insurance policy made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 93:**  Please produce your Claims Service record related to the claim(s) that form(s) the basis of this lawsuit.
**RESPONSE:**

Certified Document Number: 84217865 - Page 32 of 45

**REQUEST FOR PRODUCTION NO. 94:**  Please produce your Activity Log related to the claim that forms the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 95:**  Please produce your claims manual that applies or applied to this claim up to the time that you received a demand letter from Plaintiff or were served with the Petition in this case.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 96:**  Produce all reinsurance treaties that potentially apply to the insurance policy in related to the claim, whether or not you have or will notify the reinsurer of the claim.
**RESPONSE:**

Certified Document Number: 84217865 - Page 33 of 45

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT, ASI LLOYDS

TO:    ASI LLOYDS, Defendant

COMES NOW, TRICIA DUNN, Plaintiff in the above styled and numbered cause, and requires that ASI LLOYDS, Defendant, answer the following interrogatories under the provisions of Rule 197 of the Texas Rules of Civil Procedure, and Plaintiff requires that answers to same be served upon the THE CORONA LAW FIRM, PLLC no later than fifty (50) days after the date of the service hereof.

Respectfully submitted,

**THE CORONA LAW FIRM, PLLC**

By: /s/ *Jesse S. Corona*

Jesse S. Corona
Texas Bar No. 24082184
Southern District Bar No. 2239270
12807 Haynes Road, Bldg E
Houston, Texas 77066
Office: 281.882.3531
Facsimile: 713.678.0613
Jesse@theCoronaLawfirm.com

**ATTORNEY FOR PLAINTIFF**

### INSTRUCTIONS AND DEFINITIONS

1.    The undersigned party propounds the attached questions to you under the provisions of Rule 197 of the Texas Rules of Civil Procedure. These questions are being served on your attorney and answers to the Interrogatories should, to the extent possible, be answered in the spaces provided; and if additional space is needed, please use additional sheets or the back of the preceding page. You are notified that this party specifies that the answers shall be filed and served upon the undersigned on or before the expiration of thirty (30) days from the date of the service of these questions; and the questions and your sworn answers may be offered in evidence at the trial of this lawsuit.

2.    In answering these questions, please furnish all information available to you, including information in the possession of your attorney, or its investigators, and all persons acting in your behalf, and not merely such information known of your own personal knowledge. If you cannot answer the Interrogatory in full after exercising due diligence to secure the information, so state in your answer and, to the extent possible, answer stating whatever information or knowledge you have.

3.    In each question wherein you are asked to identify a person, please state with respect to such person his full name, last known address and home telephone number. If the

PLAINTIFF'S FIRST SET OF INTERROGATORIES                       PAGE -34-

Certified Document Number: 84217865 - Page 34 of 45

person to be identified is not a natural person (e.g. a corporation) give its name and address and principal business activity.

4.     In those instances where you choose to answer an Interrogatory for information by referring to a specific document or record, it is requested that such specification be in such sufficient detail to permit the requesting party to locate and identify the records and/or documents from which the answer can be ascertained.

5.     To the extent any Interrogatory is objected to, please set forth the complete basis for the objection.  If you object to only a portion of a particular Interrogatory, specifically identify the portion of the Interrogatory to which you are objecting and answer the remainder completely.  If you claim privileges as grounds for not answering any Interrogatory in whole or in part, state the privilege you are asserting, describe the factual basis for your claim of privilege, including relevant dates and persons involved, in sufficient detail so as to permit the court to adjudicate the validity of the assertion, and please state whether information and/or documents are being withheld pursuant to the assertion of an objection/claim of privilege.

6.     Under Rule 193, an objection that an interrogatory or request for production is overly broad or exceeds the scope of permissible discovery does not relieve you of the duty to respond to that portion which is not subject to the objection. If you make any such objection, you are requested to specifically state what limitations you claim should be made on the request or interrogatory, and to make that portion of the discovery, which is not subject to such limitations.

The following terms shall have the meaning indicated below.

a.  "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, or any other kind of entity or its agents, servants and employees.

b.  "Document" means any printed, typewritten, mechanically or otherwise recorded matter of whatever character including but not without limitation, letters, purchase orders, memoranda, telegrams, notes, catalogues, brochures, diaries, reports, calendars, inter- and intra-office communications, statement, investigative reports, announcements, depositions, answers to interrogatories, pleadings, judgments, newspaper articles, photographs, tape recordings, motion pictures and any carbon or photographic copies of any such material if you do not have custody or control of the original; and anything else in writing.  If any document requested to be identified was, but is no longer in your possession or control or is no longer in existence, state whether it is (1) missing or lost; (2) destroyed; (3) transferred voluntarily or involuntarily to others, and if so, to whom, or (4) otherwise disposed of, and in each instance explain the circumstances surrounding an authorization of such disposition thereof, state the approximate date thereof and describe its contents.

c.  "You" and "Your" shall mean the party to whom these questions are directed as well as agents, employees, attorneys, investigators and all other persons acting for said party.

d.  "Misconduct" is defined as an activity, act, or omission to act which result in a breach of warranty, express of implied, violation of any statute, regulation, or industry standard, whether relating to safety or otherwise, or a breach of any duty of any care.

e.  "Plaintiff" is defined as the party who is propounding these Interrogatories to you and any of its agents, servants or employees.

f.  "Occurrence," "collision," "incident" and/or "wreck" and/or the phrase "collision made the basis of this suit" shall mean the accident, event or happening as set forth in the Plaintiff's petition complaint that has given rise to this lawsuit.

Certified Document Number: 84217865 - Page 35 of 45

g.   When asked to "describe" a document, state the title, subject matter, author, date, addressee, file designation and other identifying designation and the present locations and custodian of the document.

h.   The term "statement" includes any written statements signed or otherwise adopted or approved by the person making it, and any stenographic, mechanical, electrical, magnetic, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded, or statements as are defined in Texas Rule of Civil Procedure 192.3(h).

i.   "Mobile device" means cellular telephone, smartphone, satellite telephone, pager, personal digital assistant ("PDA"), iPad, Google Tablet or any such similar device.

j.   As used herein, the term "information" should be construed in the broad sense. It includes reference to both facts and applicable principles. This word should not be construed to be limited by any method of acquisition or compilation and, therefore, includes oral information as well as documents.

k.   As used herein, the terms "identify" and/or "identity" mean to provide the following: (1) With regard to natural persons, state the name, last known telephone number and last known address of the person; the name, address and telephone number of the employer of such person; if "you" have a business relationship, direct or indirect with such person, or   his employer, state the nature of such business relationship; (2) With respect to any entity, which is not a natural person, state the name, telephone number and last known address of such entity; state the nature of such entity; and if "You" have any business relationship with such entity, either direct or indirect, state the nature of such relationship.

l.   The term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings, among two or more persons.

m.   The term "or" and the term "and" means the term both "or" and "and" in both conjunctive and disjunctive.

n.   The term of any singular form of a term shall include the plural, and the use of a plural form of a term shall include the singular.

## REQUEST FOR PRIVILEGE LOG

7.      With respect to any documents or information claimed to be privileged and therefore exempt from discovery, request is hereby made that you produce a privilege log in compliance with the Texas Rules of Civil Procedure within 15 days of service of your responses.

## DUTY TO SUPPLEMENT RESPONSES

8.      Please be further advised that pursuant to Rule 193.5 of the Texas Rules of Civil Procedure, you have a duty to supplement your answers to these Interrogatories reasonably promptly after you discover the necessity of supplementation. Such supplemental responses are to be filed and served upon this party immediately upon receipt of such information. Pursuant to Rule 193.6 of the Texas Rules of Civil Procedure, should you fail to properly supplement your answers, the Court may forbid you from introducing into evidence the material or information that was not timely disclosed, or from offering testimony of a witness who was not timely identified. If individuals with knowledge of relevant facts come to your attention after serving

answers to these Interrogatories, or if any such individuals, employees, or agents of the Defendant change employment or move before trial, Plaintiff requests that to be timely informed of such developments.

## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**  State the name, address, telephone number, and position or job title of all persons answering these interrogatories.
**ANSWER:**

**INTERROGATORY NO. 2:**  State whether Defendant contends that any conditions precedent to Plaintiff's recovery has not been met, whether said conditions be stated in the insurance policy or required by law.  If so, state what conditions have not been met.
**ANSWER:**

**INTERROGATORY NO. 3:**  List the date(s) Defendant requested that Plaintiff provide any named Defendant(s) in this cause of action with requested information that was required in order to properly evaluate Plaintiff's claim(s).
**ANSWER:**

**INTERROGATORY NO. 4:**  Please state the following concerning notice of claim and timing of payment:  (a) the date and manner in which Defendant received notice of the claim; (b) the date and manner in which Defendant acknowledged receipt of the claim; (c) the date and manner in which Defendant commenced investigation of the claim; (d) the date and manner in which Defendant requested from the claimant all items, statements, and forms that Defendant reasonably believed, at the time, would be required from the claimant; and (e) the date and manner in which Defendant notified the claimant in writing of the acceptance or rejection of the claim.
**ANSWER:**

**INTERROGATORY NO. 5:**  State whether Defendant contends that Plaintiff did not provide any named Defendant(s) in this cause of action with requested information that was required in order to properly evaluate Plaintiff's claim(s).  If so, state what information was requested and not provided, and the dates of the requests.
**ANSWER:**

**INTERROGATORY NO. 6:**  State the name, address, telephone number, and job title or position of all persons who issued, adjusted, investigated, reviewed, handled, made entries, made decisions, or exchanged any documents or communications, including electronic, regarding Plaintiff's insurance policy or the claim(s) made the basis of this lawsuit, including the name, address, and telephone number of the supervisor identified person.  For any such person who is no longer an employee, agent, or representative of any defendant, please so indicate and provide the person's last known address and telephone number.
**ANSWER:**

**INTERROGATORY NO. 7:**  State ever basis, in fact and in the terms of Plaintiff's policy, for Defendant's denial or payment and/or recommendation of denial or payment of Plaintiff's claims.
**ANSWER:**

Certified Document Number: 84217865 - Page 37 of 45

**INTERROGATORY NO. 8:** State every basis, in fact and in the terms of Plaintiff's policy, for Defendant's failure to pay the Plaintiff's full claims.
**ANSWER:**

**INTERROGATORY NO. 9:** State the cause number, style, and court for each lawsuit filed against Defendant in the last five years alleging misconduct, improper claims handling, bad faith, violations of Texas Insurance Code § 541.060, formerly known as Article 21.21, or violations of Texas Insurance Code § 542.055, et seq., formerly known as Article 21.55, in the handling of first party claims for property damage coverage under homeowner insurance policies.
**ANSWER:**

**INTERROGATORY NO. 10:** State the legal theories and describe the factual basis, for your contention that Defendant fully complied with each of the claims handling requirements codified in Texas Insurance Code § 541.060, the violation of which is alleged in Plaintiff's current live pleading against Defendant.
**ANSWER:**

**INTERROGATORY NO. 11:** State the legal theories and describe the factual basis for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code § 542.055, in that Defendant followed all statutory deadlines, and by no later than the 15th day of notice of the claim in the event of a weather-related catastrophe or major natural disaster, as defined by the commissioner, the claim-handling deadlines under this subchapter are extended for an additional 15 days acknowledged receipt of the claim, commenced investigation of the claim, and requested any proper documents from Plaintiff's reasonably believed necessary to conduct such investigation, made additional requests during the investigation as necessary, and if acknowledged of receipt of the claim was not in writing, made record of the date, manner and content, as refuted in Plaintiff's current live pleading against Defendant.
**ANSWER:**

**INTERROGATORY NO. 12:** State the legal theories and describe the factual basis for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code § 542.056, in that Defendant followed all statutory deadlines by notifying Plaintiff's in writing the acceptance or rejection of Plaintiff's claim no later than the 15th business day after receipt of any requested information from Plaintiff's, in the event of a weather-related catastrophe or major natural disaster, as defined by the commissioner, the claim-handling deadlines under this subchapter are extended for an additional 15 days), including stating the reason if rejected or explanation of why Defendant could not do so within that time, as refuted in Plaintiff's current live pleading against Defendant.
**ANSWER:**

**INTERROGATORY NO. 13:** State the legal theories and describe the factual basis for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code § 542.058, in that Defendant after receiving all items, statements, and forms reasonably requested and required under § 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by § 542.060, except where it is found as a result of arbitration or litigation that a claim received by

an insurer is invalid and should not be paid by the insurer, receiving all necessary information, Defendant did not delay in making payments for more than 60 days, as refuted in Plaintiff's current live pleading against Defendant.
**ANSWER:**

**INTERROGATORY NO. 14:**   State the name, address, and telephone number of each policyholder who gave Defendant written notice, within the last five years, of a complaint about Defendant's handling of first party claims for property damage coverage under homeowner insurance policies in Texas.
**ANSWER:**

**INTERROGATORY NO. 15:**   State the name, address, and telephone number of each policyholder from whom Defendant recorded a complaint within the last five years, about Defendant's handling of first party claims for property damage coverage under homeowner policies in Texas.
**ANSWER:**

**INTERROGATORY NO. 16:**   For each complainant identified in the responses to interrogatories 14 and 15, state whether any communication was exchanged between Defendant and any Texas governmental regulatory agency regarding the complaint.  If the response is yes, for any such complainant, state the name of the agency, the names of all investigators, and the names of all government representatives with whom Defendant communicated for purposes of the investigation.
**ANSWER:**

**INTERROGATORY NO. 17:**   For each investigation by a Texas governmental agency within the last five years into Defendant's practices when handling first party claims for property damage coverage under homeowner/commercial policies, state the name of the agency, the names of all investigators, and the names of all government representatives with whom Defendant communicated for purposes of the investigation.
**ANSWER:**

**INTERROGATORY NO. 18:**   Identify by name, address, and telephone number, all persons and/or entities that have filed property damage claims, hurricane damage claims, hail damage claims, water damage claims, roof damage claims and/or wind damage claims with Defendant that have been adjusted by any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit, from the time of hiring through the present.
**ANSWER:**

**INTERROGATORY NO. 19:**   Please state whether Defendant took, or is aware of the taking of, a recorded statement and/or examination under oath of any representative, or agent of, or any person employed by, Plaintiff regarding the claim made the basis of this lawsuit.  If a recorded statement and/or examination under oath was taken, please state the date it was taken and the name of the person taking the statement.  Please also state whether the statement was transcribed, where the statement is currently located, and/or the last place Defendant saw a transcription of same.
**ANSWER:**

Certified Document Number: 84217865 - Page 39 of 45

**INTERROGATORY NO. 20:**  Identify by name, address, and telephone number, all persons and/or entities, agency or agents, and brokers that have issued Plaintiff's policy.
**ANSWER:**

**INTERROGATORY NO. 21:**  Identify by name, address, and telephone number, all persons and/or entities, agency or agents, and brokers that prepared Plaintiff's Policy including the Property made basis of the claim(s).
**ANSWER:**

**INTERROGATORY NO. 22:**  Identify by name or company name, address, and telephone number any engineer(s) and/or engineering company(s), used to evaluate Plaintiff's claim(s), the name(s) of each prior claim each such person(s) and/or company(s) worked for Defendant, the date(s) of the reports, and the address of the Property for which the inspection was done.
**ANSWER:**

**INTERROGATORY NO. 23:**  For each of the above listed engineer(s) or engineering company(s), list the compensation received from Defendant for any services and work performed in the last five years.
**ANSWER:**

**INTERROGATORY NO. 24:**  When was the date Defendant anticipated litigation?
**ANSWER:**

**INTERROGATORY NO. 25:**  For each of the above listed engineer(s) or engineering company(s), list the compensation received from Defendant for any services and work performed in the last five years.
**ANSWER:**

**INTERROGATORY NO. 26:**  Does Defendant claim that Plaintiff failed to mitigate their damages?  If so, describe how Plaintiff failed to do so, identifying any resulting prejudice caused to Defendant.
**ANSWER:**

**INTERROGATORY NO. 27:**  Describe how Defendant determined whether overhead and profit ("O&P") should be applied to the claim made the basis of this lawsuit, identifying the criteria for that determination.
**ANSWER:**

**INTERROGATORY NO. 28:**  To the extent Defendant utilized an estimating software program and modified the manufacturer's settings with respect to Plaintiff's claim, identify those modifications.
**ANSWER:**

**INTERROGATORY NO. 29:**  Identify all price lists used to prepare all estimates on the claim made the basis of this lawsuit, stating the manufacturer version, date and geographical area.
**ANSWER:**

Certified Document Number: 84217865 - Page 40 of 45

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
## TO DEFENDANT, ASI LLOYDS

TO:     ASI LLOYDS, Defendant

COMES NOW, TRICIA DUNN, Plaintiff in the above styled and numbered cause, and requires that ASI LLOYDS, Defendant, answer the following Requests for Admissions, and Plaintiff requires that responses to same be served upon the undersigned no later than fifty (50) days after the date of the service hereof.

Respectfully submitted,

**THE CORONA LAW FIRM, PLLC**


By: _/s/ Jesse S. Corona_

Jesse S. Corona
Texas Bar No. 24082184
Southern District Bar No. 2239270
12807 Haynes Road, Bldg E
Houston, Texas 77066
Office:  281.882.3531
Facsimile:  713.678.0613
Jesse@theCoronaLawfirm.com

**ATTORNEY FOR PLAINTIFF**

### FIRST REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**  Admit the Defendant's principal place of business is Texas.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 2:**   Admit the Defendant conducts the business of insurance in Texas.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 3:**   Admit the Defendant insured Plaintiff's property against wind and hail damage.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 4:**  Admit the Defendant has been reported to the Texas Department of Insurance for the mishandling of claims in the last five (5) years.
**ADMIT OR DENY:**

Certified Document Number: 84217865 - Page 41 of 45

Certified Document Number: 84217865 - Page 42 of 45

**REQUEST FOR ADMISSION NO. 5:**  Admit the Plaintiff's property sustained wind damage as a result of the windstorm(s) that makes the basis of this lawsuit.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 6:**  Admit the Plaintiff's roof sustained wind damage as a result of the windstorm(s) that makes the basis of this lawsuit.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 7:**  Admit the windstorm(s) created openings in Plaintiff's roof whereby water leaked into the interior of Plaintiff's home causing damage.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 8:**  Admit the as a result of water leaking into Plaintiff's home, Plaintiff's personal property was damaged.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 9:**  Admit the exterior of Plaintiff's home sustained wind damage as a result of the windstorm(s) that makes the basis of this lawsuit.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 10:**  Admit the windstorm(s) that damaged Plaintiff's property was a covered occurrence under Plaintiff's insurance policy with the Defendant insurance company.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 11:**  Admit the Plaintiff's property sustained hail damage as a result of the hailstorm(s) that makes the basis of this lawsuit.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 12:**  Admit the Plaintiff's roof sustained hail damage as a result of the hailstorm(s) that makes the basis of this lawsuit.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 13:**  Admit the exterior of Plaintiff's home sustained hail damage as a result of the hailstorm(s).
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 14:**  Admit Plaintiff's personal property was damaged as a result of the hailstorm(s).
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 15:**  Admit the hailstorm(s) that damaged Plaintiff's property was a covered occurrence under Plaintiff's insurance policy with the Defendant insurance company.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 16:**  Admit the Defendant improperly and unreasonably adjusted Plaintiff's claim.

**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 17:**  Admit the Defendant performed an outcome-oriented investigation of Plaintiff's claim.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 18:**  Admit the Defendant did not conduct a reasonable investigation of Plaintiff's damage.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 19:**  Admit the Defendant has unreasonably delayed payment to the Plaintiff and failed to fairly settle Plaintiff's claim even though liability was reasonably clear.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 20:**  Admit the Defendant was not open and honest in its adjustment of Plaintiff's claim.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 21:**  Admit the Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 22:**  Admit the Defendant misrepresented to Plaintiff that the damage to Plaintiff's Property was not covered under the Policy.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 23:**  Admit the Defendant misrepresented to Plaintiff that the damage to Plaintiff's Property did not need to be replaced.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 24:**  Admit the Defendant was aware that the damage to Plaintiff's Property warranted replacement and not repair.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 25:**  Admit the Defendant took advantage of Plaintiff's lack of knowledge and expertise.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 26:**  Admit the Defendant engaged in false, misleading, and deceptive acts or practices in the business of insurance in the handling of Plaintiff's claim.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 27:**  Admit the Defendant made material false representations and/or material false promises to Plaintiff.
**ADMIT OR DENY:**

Certified Document Number: 84217865 - Page 43 of 45

**REQUEST FOR ADMISSION NO. 28:**   Admit the Defendant intended that Plaintiff would rely on these false representations and upon which Plaintiff did reasonably rely to its detriment.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 29:**   Admit the Defendant breached its insurance contract with Plaintiff.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 30:**   Admit the Defendant failed to provide its adjuster with policies, guidelines, and/or materials pertaining to the lawful handling of insurance claims.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 31:**   Admit the Defendant purposely denied and/or underpaid Plaintiff's claim in order to continue making profit off of Plaintiff.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 32:**   Admit the Defendant provides incentives and/or bonuses to its adjusters for closing out claims without adequate payment.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 33:**   Admit the Defendant provided a bonus to its adjuster in relation to Plaintiff's claim.
**ADMIT OR DENY:**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Request for Disclosure, Request for Production, First Set of Interrogatories, and Requests for Admissions has been served upon Defendant by serving its Registered Agent at the same time Defendant was served with a copy of Plaintiff's Original Petition.

By: _/s/ Jesse S. Corona_____
Jesse S. Corona

Certified Document Number: 84217865 - Page 45 of 45



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   March 28, 2019

Certified Document Number:        84217865

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

<u>COPY OF PLEADING PROVIDED BY PLTD.</u>   ENTERED
VERIFIED



# MARILYN BURGESS
### HARRIS COUNTY DISTRICT CLERK

### Civil Process Pick-Up Form

**CAUSE NUMBER:** 2019-17023

**ATY** _____   **CIV** ✓   **COURT** 80

| REQUESTING ATTORNEY/FIRM NOTIFICATION |
|---|
| *ATTORNEY: Corona, Jesse     * PH: 281-882-3531 |
| *CIVIL PROCESS SERVER:     N A Flash |
| *PH: 281-831-6551     BOX: 103 |
| *PERSON NOTIFIED SVC READY:     voicemail |
| * NOTIFIED BY: *Miaeda Hutchinson* |
| *DATE: _____ |

Type of Service Document: cil          Tracking Number 73600992
Type of Service Document:_____      Tracking Number_____
Type of Service Document:_____      Tracking Number_____
Type of Service Document:_____      Tracking Number_____
Type of Service Document:_____      Tracking Number_____
Type of Service Document:_____      Tracking Number_____
Type of Service Document:_____      Tracking Number_____

**Process papers prepared by: *Miaeda Hutchinson***

Date: 3 / 8 /2019        30 days waiting 4 / 8 /2019

| |
|---|
| *Process papers released to:     (PRINT NAME) |
| 2 831-6551 |
| *(CONTACT NUMBER)     (SIGNATURE) |
| *Process papers released by:     (PRINT NAME) |
| Lisa Thomas |
| (SIGNATURE) |

* Date: 3/15 , 2019  Time: 1:30 AM PM ✓

**Entire document must be completed   (do not change this document)**  Revised 1/9/2015

Certified Document Number: 84383755 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   March 28, 2019

Certified Document Number:        84383755

*Marilyn Burgess*

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

3/26/2019 11:36 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 32238152
By: Bonnie Lugo
Filed: 3/26/2019 11:36 AM

## AFFIDAVIT OF SERVICE

State of Texas                    County of HARRIS                    80th Judicial District Court

Case Number: 201917023

Plaintiff:
**TRICIA DUNN**

vs

**ASI LLOYDS**

For:
JESSE CORONA
CORONA LAW FIRM
12807 HAYNES ROAD
BLDG E
HOUSTON, TX 77066

Received by N. A. Flash Civil Process, inc. on the 19th day of March, 2019 at 9:41 pm to be served on ASI LLOYDS, 2425 WEST LOOP SOUTH, SUITE 200, HOUSTON, TX 77027.

I, Michael Johnson, being duly sworn, depose and say that on the **20th day of March, 2019 at 12:00 pm, I:**

Executed delivery to an **AUTHORIZED** entity by delivering a true copy of the **PLAINTIFF'S ORIGINAL PETITION** with the date and hour of service endorsed thereon by me, to: **CORPORATE CREATIONS NETWORK DONALD GAINES** as **REGISTERTEWD AGENT** at the address of: **2425 WEST LOOP SOUTH, SUITE 200, HOUSTON, TX 77027**, who stated they are authorized to accept service for **ASI LLOYDS**, and informed said person of the contents therein, in compliance with state statutes.

"I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. I have personal knowledge of the facts set forth in this affidavit, and they are true and correct."

On this day personally appeared affiant, known to me personally to be the person whose name is subscribed to the foregoing return and, being by me duly sworn, declare under oath that the statements therein are true and correct. Subscribed and Sworn before me on the _____ day of _____, _____ by the affiant who is personally known to me.

*Christine Llevera*

NOTARY PUBLIC

Michael Johnson
SCH 700, Expires 7-31-2020

N. A. Flash Civil Process, Inc.
2915 Eagle Nest Lane
Humble, TX 77396
(281) 831-6551

Our Job Serial Number: NAF-2019000163

CHRISTINE YVETTE HERRERA
Notary Public, State of Texas
My Comm. Expires 10-07-2020
Notary ID 130853868

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V7.3p

Certified Document Number: 84501742 - Page 1 of 3

## AFFIDAVIT OF AUTHORITY

I, Trent Bavaro, Chief Operating Officer of Corporate Creations Network Inc.
and United Agent Group Inc., do hereby authorize Regus, and all of its staff, including
but not limited to Donald Gaines and Leslie Cruz to accept and mail all documents,
including any and all court documents served or delivered by the court, private
server, sheriff, courier, or otherwise on behalf of me and my companies. This
authorization includes signing on behalf of myself, Corporate Creations Network
Inc., or United Agent Group Inc., to accept all mail and documents, including court
documents served or delivered at 2425 W Loop South #200, Houston TX 77027.

HEREBY SEEN AND AGREED:

_____          8 - 14 - 18
Trent Bavaro, Chief Operating Officer              DATE
Corporate Creations Network Inc.
United Agent Group Inc.

STATE OF FLORIDA
COUNTY OF PALM BEACH

The foregoing instrument was acknowledged before me this 14th day of August,
2018 by the above named signatory, who is personally known to me or who
produced a drivers license or passport as identification and who did take an oath.

_____
Signature of Notary Public



DANIELLE W. GOSSMAN
Commission # GG 214218
Expires May 3, 2022
Bonded Thru Troy Fain Insurance 800-385-7019

Stamp of Notary Public

COPY OF PLEADING PROVIDED BY PLTD.

CAUSE NO.  201917023

RECEIPT NO.                    0.00      CIV
*********                      TR # 73600992

PLAINTIFF: GUNN, TRICIA                    In The  80th
              vs.                          Judicial District Court
DEFENDANT: ASI LLOYDS                      of Harris County, Texas
                                           80TH DISTRICT COURT
                                           Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: ASI LLOYDS MAY BE SERVED THROUGH ITS REGISTERED AGENT
    CORPORATE CREATIONS NETWORK INCORPORATED
    OR WHEREVER IT MAY BE FOUND
    2425  WEST LOOP SOUTH SUITE 200    HOUSTON  TX  77027 - 4208
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 7th day of March, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 8th day of March, 2019, under my hand and
seal of said Court.

Issued at request of:                      MARILYN BURGESS, District Clerk
CORONA, JESSE S.                           Harris County, Texas
12807  HAYNES ROAD, BLDG E                 201 Caroline, Houston, Texas 77002
HOUSTON, TX  77066                         (P.O. Box 4651, Houston, Texas 77210)
Tel: (281) 882-3531
Bar No.: 24082184                          Generated By: HUTCHINSON, MIAEDA A  CCG//11178281

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock _____.M., on the _____ day of _____, _____

Executed at (address) _____ in

_____ County at _____ o'clock _____.M., on the _____ day of

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____

FEE: $_____

                                           _____

                                           _____ of _____County, Texas

_____            By _____
         Affiant                                        Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____

                                           _____
                                                  Notary Public

N.INT.CITP.P                  *73600992*

Certified Document Number: 84501742 - Page 3 of 3



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   March 28, 2019

Certified Document Number:        84501742

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**